UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CECIL COHN,<br><br>    Plaintiff<br><br>    v.<br><br>NANCY A. BERRYHILL[1], Acting Commissioner of Social Security,<br><br>    Defendant. | Case No. 2:16-cv-07352-GJS<br><br>**MEMORANDUM OPINION AND ORDER** |

## I. PROCEDURAL HISTORY

Plaintiff Cecil Cohn ("Plaintiff") filed a complaint seeking review of Defendant Commissioner of Social Security's ("Commissioner") denial of his application for Supplemental Security Income ("SSI") and Disability Insurance Benefits ("DIB"). The parties filed consents to proceed before the undersigned United States Magistrate Judge [Dkts. 10, 12] and briefs addressing disputed issues in the case [Dkt. 22 ("Pltf.'s Br.") and Dkt. 23 ("Def.'s Br.").] The Court has taken the parties' briefing under submission without oral argument. For the reasons set

---

[1] The Court notes that Nancy A. Berryhill became the Acting Commissioner of the Social Security Administration on January 23, 2017. Accordingly, pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, the Court orders that the caption be amended to substitute Nancy A. Berryhill for Carolyn W. Colvin as the defendant in this action.

forth below, the Court affirms the decision of the ALJ and orders judgment entered accordingly.

## II. ADMINISTRATIVE DECISION UNDER REVIEW

On December 28, 2012, Plaintiff filed an application for SSI and DIB. [Dkt. 15, Administrative Record ("AR") 59, 223-238.] The Commissioner denied his initial claim for benefits on July 19, 2013 and upon reconsideration on October 30, 2013. [AR 165-173; AR 177-186.] On February 18, 2015, a hearing was held before Administrative Law Judge ("ALJ") Katherine Loo. [AR 76-109.] On April 17, 2015, the ALJ issued a decision denying Plaintiff's request for benefits. [AR 56-75.] Plaintiff requested review from the Appeals Council, which denied review on August 9, 2016. [AR 1-4.]

Applying the five-step sequential evaluation process, the ALJ found that Plaintiff was not disabled. *See* 20 C.F.R. §§ 404.1520(b)-(g)(1); 416.920(b)-(g)(1). At step one, the ALJ concluded that Plaintiff has not engaged in substantial gainful activity since August 1, 2012, the alleged onset date, through December 31, 2012, his date last insured. [AR 61.] At step two, the ALJ found that Plaintiff suffered from the following severe impairments: obesity, hypertension, diabetes, mellitus type II, and left ventricular hypertrophy. [*Id.* (citing 20 C.F.R. §§ 404.1520(c) and 416.920(c)).] Next, the ALJ determined that Plaintiff did not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments. [AR 63 (citing 20 C.F.R. Part 404, Subpart P, Appendix 1; 20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925, and 416.926).]

The ALJ found that Plaintiff had the following residual functional capacity (RFC):
> [M]edium work as defined in 20 CFR 404.1567(b) and 416.967(b) except the claimant can lift and/or carry 50 pounds occasionally and 25 pounds frequently; he can stand and/or walk for 6 hours in an 8-hour day and he can sit for 6 hours in an 8 hour workday; the claimant can perform frequent reaching, handling, fingering, feeling, climbing, stooping, kneeling, crouching, crawling, and

balancing.

[AR 63-39.] Applying this RFC, the ALJ found that Plaintiff was unable to perform his past relevant work, but determined that based on his age (46 years old), high school education, and ability to communicate in English, he could perform representative occupations such as warehouse worker (Dictionary of Occupational Titles ("DOT") 922.687-058), hand packer (DOT 753.687-038), and small products assembler (DOT 739.687-030) and, thus, is not disabled. [AR 70-71.]

### III. GOVERNING STANDARD

Under 42 U.S.C. § 405(g), the Court reviews the Commissioner's decision to determine if: (1) the Commissioner's findings are supported by substantial evidence; and (2) the Commissioner used correct legal standards. *See Carmickle v. Comm'r Soc. Sec. Admin.*, 533 F.3d 1155, 1159 (9th Cir. 2008); *Hoopai v. Astrue*, 499 F.3d 1071, 1074 (9th Cir. 2007). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (internal citation and quotations omitted); *see also Hoopai*, 499 F.3d at 1074.

### IV. DISCUSSION

Plaintiff's sole claim is that the ALJ improperly found Plaintiff's testimony not fully credible. [Pltf.'s Br. at 2-10.]

**A. The ALJ's Opinion Includes Specific Reasons for Finding Plaintiff Not to Be Credible**

Plaintiff's first challenges whether the ALJ provided specific reasons for rejecting Plaintiff's testimony about her symptoms. "[T]o ensure our appellate review is meaningful,…we require the ALJ to specifically identify the testimony [from a claimant] she or he finds not to be credible and…explain what evidence undermines the testimony." *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1102 (9th Cir. 2014) (internal quotation omitted). Accordingly, "[g]eneral findings are insufficient." *Id.* (internal quotation omitted). And as the Ninth Circuit

3

held in *Treichler*, "boilerplate statement[s]" and "introductory remark[s]," *without more*, "fall[] short of meeting the ALJ's responsibility to provide 'a discussion of the evidence' and 'the reason or reasons upon which' [her] adverse determination is based." *Id.* at 1103.[2]

Here, Plaintiff claims that the ALJ violated her duty to provide specific reasons because the ALJ, according to Plaintiff, gave only the following boilerplate explanation:

> After careful consideration of the evidence, the undersigned finds that the claimant's medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely credible for the reasons explained in this decision.

[Pltf.'s. Br. at 4 (quoting AR 65 ).] And this Court would agree if that were the only thing the ALJ said about Plaintiff's credibility. But the ALJ said far more.[3] First, the ALJ explained, that Plaintiff "described daily activities that are not limited to the extent one would expect, given the complaints of disabling symptoms and limitations." [AR 65.] Second, the ALJ explained, that "[t]he treatment records show that Plaintiff failed to comply with prescribed medications." [AR 66.] Third, the ALJ found that Plaintiff's testimony was "not supported and consistent with objective findings." [*Id.*] Fourth, the ALJ reported that Plaintiff "only required conservative treatment (e.g. medications)." [AR 67.]

---

[2] Relevant here, the Ninth Circuit explained in *Treichler* that "after making [a certain] boilerplate statement, the ALJs typically identify what parts of the claimant's testimony were not credible and why." *Treichler*, 775 F.3d at 1103. Thus, it is fair to say that there is no black letter rule against using boilerplate introductory statements.

[3] Whether the ALJ stated her bases for her credibility determination is a question different from whether the ALJ's reliance on those bases was appropriate. The latter is addressed *infra* at Part IV.B.

4

Plaintiff's own brief further undercuts his position. After claiming that the ALJ's decision does not present specific reasons for discounting his testimony, Plaintiff attacks the ALJ's reasons for finding him not to be credible. [*See, e.g.*, Pltf.'s. Br. at 5 ("it appears that the ALJ simply rejects Mr. Cohn's testimony based on a belief that the testimony is not credible because it lacks support in objective medical evidence."); *id.* at 8 ("Mr. Cohn's description of her [sic] activity level is far short of what is needed to demonstrate the capacity to perform work activity on a sustained basis."). Accordingly, the ALJ provided specific reasons for the credibility determination.

## B. The ALJ's Opinion Provides At Least One Clear and Convincing Reason for the Credibility Determination

"Where, as here, an ALJ concludes that a claimant is not malingering, and that []he has provided objective medical evidence of an underlying impairment which might reasonably produce the pain or other symptoms alleged, the ALJ may 'reject the claimant's testimony about the severity of h[is] symptoms only by offering specific, clear and convincing reasons for doing so.'" *Brown-Hunter v. Colvin*, 806 F.3d 487, 492-93 (9th Cir. 2015) (quoting *Lingenfelter v. Astrue*, 504 F.3d 1028, 1036 (9th Cir. 2007)). Even if "the ALJ provided one or more invalid reasons for disbelieving a claimant's testimony," if he "also provided valid reasons that were supported by the record," the ALJ's error "is harmless so long as there remains substantial evidence supporting the ALJ's decision and the error does not negate the validity of the ALJ's ultimate conclusion." *Molina*, 674 F.3d at 1115 (internal quotation omitted).

"The ALJ may consider many factors in weighing a claimant's credibility, including (1) ordinary techniques of credibility evaluation, such as the claimant's reputation for lying, prior inconsistent statements concerning the symptoms, and other testimony by the claimant that appears less than candid; (2) unexplained or inadequately explained failure to seek treatment or to follow a prescribed course of

5

treatment; and (3) the claimant's daily activities." *Tomasetti v. Astrue*, 533 F.3d 1035, 1039 (9th Cir. 2008) (internal citations and quotations omitted); *see also Thomas v. Barnhart*, 278 F.3d 947, 958-59 (9th Cir. 2002) (explaining that acceptable bases for credibility determination include (1) the claimant's reputation for truthfulness; (2) inconsistencies in the claimant's testimony or between his testimony and conduct; (3) claimant's daily living activities; (4) claimant's work record; and (5) testimony from physicians or third parties concerning the nature, severity, and effect of claimant's condition).

Plaintiff testified that he was unable to work because of his migraine headaches, back pain, swelling in his wrists, and high blood pressure. [AR 64, 85-90.] Plaintiff also stated that he has depression.[4] [AR 64, 90-93.] When asked about his ability to sit, Plaintiff replied that he could do so for only twenty minutes before he had to relieve the pressure in his back. [AR 98]. Plaintiff also testified that he could stand for ten minutes before needing to take a break. [AR 99]. Plaintiff reported that he does not have trouble walking to the bus stop, which is about half a block away. [*Id.*]

The ALJ found Plaintiff's testimony less than fully credible. [AR 65.] The ALJ gave the following reasons for partially discounting Plaintiff's testimony:

- Plaintiff's daily activities, such as washing dishes, sweeping, vacuuming, dusting, doing laundry, attending two and a half hour church services, and taking public transportation to his appointments, were inconsistent with Plaintiff's "complaints of disabling symptoms and limitations." [AR 64-65.]

- Plaintiff's testimony regarding the severity of his symptoms was inconsistent and not supported by the objective medical

---

[4] The ALJ found that Plaintiff's migraine headaches, carpal tunnel syndrome, and depression were not severe impairments—a finding Plaintiff does not challenge on appeal.

evidence, including the assessments of the state agency medical and psychological consultants. [AR 67-68.]

- The record showed that Plaintiff failed to comply with his prescribed medications for hypertension and diabetes by not taking them on a regular basis, Plaintiff was a "no show" for a renal ultrasound, and Plaintiff exacerbated his symptoms by eating junk food and not eating healthily. [AR 66, 477, 478, 482, 492, 505, 509, 615, 710.]

- Plaintiff "was [] diagnosed with diabetes but it was controlled with conservative treatment of medication." [AR 66.] Plaintiff also testified that he took aspirin for his migraines and back pain and his high blood pressure was similarly treated with medication. Plaintiff did not undergo surgery for his wrists. [AR 64.]

In his brief, Plaintiff attacks only the first two of these reasons—that Plaintiff's activities of daily living are inconsistent with a finding of disability and that Plaintiff's testimony was not supported by the medical record—as insufficient bases for the adverse credibility determination. [Pltf.'s Br. at 2-10.] The two additional reasons set forth by the ALJ are not even mentioned by Plaintiff, other than where he condemns all of the ALJ's "reasons"—plural—as not "clear and convincing." [*Id*.] It is Plaintiff's brief that is neither specific nor convincing. Plaintiff's unexplained failures to take prescribed hypertension and diabetes medication on a regular basis and to keep his appointments for medical tests (including the renal ultrasound), as well as Plaintiff's conservative treatment despite his allegedly disabling symptomatology are clear and convincing reasons for discounting Plaintiff's testimony. Given these two valid reasons that support the ALJ's ultimate determination that Plaintiff was less than credible (which are not disputed by Plaintiff), the Court need not address the two issues Plaintiff argues were improper.

The Court concludes that the ALJ provided clear and convincing reasons, supported by substantial evidence, for finding Plaintiff less than fully credible, and thus, there is no error warranting reversal and remand.

## V. CONCLUSION

For all of the foregoing reasons, **IT IS ORDERED** that the decision of the Commissioner finding Plaintiff not disabled is AFFIRMED.

**IT IS SO ORDERED.**

DATED: October 20, 2017

GAIL J. STANDISH
UNITED STATES MAGISTRATE JUDGE